NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SYED NAZIM ALI, | No. 22-16688 |
| Plaintiff-Appellant, | D.C. No. 5:22-cv-03958-NC |
| v. | |
| NAVY FEDERAL CREDIT UNION, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding**

Submitted September 12, 2023***

Before:    CANBY, CALLAHAN, and OWENS, Circuit Judges.

Syed Nazim Ali appeals pro se from the district court's judgment dismissing

his employment action alleging various claims under federal and state law.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The parties consented to proceed before a magistrate judge.  *See* 28
U.S.C. § 636(c).

\*\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Federal Rule of Civil Procedure 12(b)(6). *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Ali's claims arising out of his termination because defendant was required to terminate Ali's employment under 12 U.S.C. § 1785(d), and thus Ali did not plausibly allege a causal link between the termination of his employment and any disability or protected activity. *See* 12 U.S.C. § 1785(d) (providing that a person who has been convicted of a criminal offense involving dishonesty or a breach of trust may not be employed by an insured credit union); *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012) (a plaintiff alleging failure to accommodate under the Americans with Disabilities Act ("ADA") must show that he suffered an adverse action because of his disability); *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004) (a plaintiff alleging retaliation under the ADA must show that there was a causal link between a protected activity and an adverse action); *Vasquez v. County of Los Angeles*, 349 F.3d 634, 642, 646 (9th Cir. 2003) (same for a retaliation claim under Title VII); *Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1130 (Cal. 2005) (same for a retaliation claim under the California Fair Employment and Housing Act).

The district court did not abuse its discretion by dismissing Ali's complaint

without leave to amend because amendment would have been futile.  *See*

*Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011)

(setting forth standard of review and explaining that dismissal without leave to

amend is proper when amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Ali's request, set forth in the opening brief, that this disposition be published

is denied.

**AFFIRMED.**